**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

**Robert D. Higgins and**
**Marianna Higgins,**
        Plaintiffs,

v.                          Cause number: 4:05-cv-2065-HEA

**Chase Manhattan Mortgage**
**Corporation NKA Chase**
**Home Finance LLC,**
        Defendant.

**PLAINTIFFS' MEMORANDUM OF LAW**
**IN OPPOSITION TO**
**DEFENDANT'S MOTION TO**
**DISQUALIFY PLAINTIFFS' COUNSEL**

**COME NOW** Plaintiffs, Marianna and Robert Higgins, by and through their

attorney, and file their memorandum of law in opposition to Defendant's Motion to

Disqualify Plaintiffs' Counsel.

**I.**
**Introduction**

Plaintiffs settled a loan dispute with Defendant in 2004, and in so doing

refinanced their loan with Defendant and exchanged releases. After the

settlement, Plaintiffs sent written requests for servicing information regarding the

ongoing servicing of the old and new loans.

Defendant asserts that it was improper for Plaintiffs to make post

settlement requests for servicing information and that Plaintiffs' attorney violated

the anti-contact rule, Rule 4-4.2 by assisting Plaintiffs.

1

Defendant seeks disqualification of Plaintiffs' counsel under Rule 4-4.2 and Rule 4-3.7.

Rule 4-4.2 does not require disqualification, because (1) there was independent justification for the sending of the post settlement letters; (2) the requests involved separate matters than those settled. i.e. facts and issues that arose after the settlement; and (3) Plaintiffs' attorney did not know Defendant was represented with regard to the separate matter.

Rule 4-3.7 does not require disqualification because, Plaintiffs' counsel is not a witness on contested issues and disqualification would work a substantial hardship on Plaintiffs.

## II.
## Analogy

An analogy is a bank's attorney sending a foreclosure letter to a borrower. The borrower's attorney settles that foreclosure issue with the bank's attorney. Thereafter, the borrower is **again** in foreclosure, and the bank's attorney sends another foreclosure notice.

There is no violation of Rule 4-4.2.

There is independent justification to send the formal demand and the second foreclosure is a different and separate legal matter.

## III.
## Facts

Prior to June of 2004, Plaintiffs and Defendant had a dispute over an existing loan. That dispute was settled on June 28, 2004. The existing loan was paid off and a new loan was refinanced with Defendant. The Settlement

2

Agreement and Mutual Release are attached as Exhibit A. After the settlement,

Defendant continued to service the old loan and the new loan.

On July 7, 2004; August 12, 2004; December 15, 2004; and February 4,

2005, Plaintiffs sent four written requests for **post settlement loan servicing**

**information** pursuant to the Real Estate Settlement Procedures Act. These

requests involved post settlement facts and servicing issues. The Requests are

attached as Exhibits B, C, D, and E.

The settlement of June 28, 2004 involved seven issues.

The post settlement requests involved **eight different factual issues that**

**arose after the June 28, 2004 settlement**. See Exhibits B, C, D and E.

On August 24, 2005, more than a year after the settlement, Plaintiffs

retained counsel to assert their rights. Suit was filed on October 5, 2005.

Defendant asserts that it was improper for Plaintiffs' attorney to assist

Plaintiffs in the sending of the written requests for information and that he should

be disqualified as a result.

## IV.
## LAW

### DEFENDANT'S MOTION RAISES THE NOVEL ISSUE OF THE EFFECT OF THE ANTI-CONTACT RULE, RULE 4-4.2, ON LITIGATION A YEAR LATER BETWEEN THE SAME PARTIES, BUT ON SEPARATE AND DIFFERENT FACTUAL ISSUES.

Defendant has cited no Eighth Circuit opinions and Plaintiffs have found

none directly on point. The parties must then look principally to the Rule itself, the

Official Comments, commentaries and the relevant Eighth Circuit District Court

opinion.

3

### Rule 4-4.2

**Rule 4-4.2** states, "…a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer … is authorized by law to do so."

### Rule 4-3.7

Rule 4-3.7 states "(a) lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) the testimony relates to a uncontested issue… or (3) disqualification of the lawyer would work substantial hardship on the client."

### Real Estate Settlement Procedures Act

The Real Estate Settlement Procedures Act is a Federal law that allows a borrower to make written requests for information regarding servicing of their loan, and requires the loan servicer to acknowledge the request in writing within 20 days and answer it in writing within 60 days.

12 U.S.C. section 2605(e)(1)(A) of the Real Estate Settlement Procedures Act (hereinafter Act) states that:

> "If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (**or an agent of the borrower**) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days …." (Emphasis added).

4

## V.
## ARGUMENT

Rule 4-4.2 was not violated and disqualification is not required, because

under the Rule there was (1) independent justification for the sending of the post

settlement letters; (2) the settlement and post settlement issues are different and

separate matters; and (3) Plaintiffs' counsel did not know Defendant was

represented on the separate post settlement matter.

### V.a.
### PLAINTIFFS CAN MAKE DIRECT CONTACT WITH DEFENDANT
### AND
### ATTORNEY CAN ASSIST PLAINTIFFS IN SUCH CONTACTS

Defendant asserts that neither Plaintiffs nor their attorney may make direct

contact with Defendant regarding the servicing of the loans.

#### Law

The Official Comments state, "(P)arties to a matter may communicate

directly with each other and a lawyer having independent justification for

communicating with the other party may do so." Comments, Rule 4-4.2

> "(T)he Rule (4-4.2) does not (and could not in any event) prevent
> one party from directly communicating with another. Furthermore,
> a lawyer should be able to advise a client to contact a third party –
> even a represented third party – directly, without running afoul of
> the prohibition in Rule 8.4(a) against violating a disciplinary rule
> through the acts of another. This proposition is adopted in
> Restatement of the Law Governing Lawyers §99(2) as follows:
> [The no-contact rule] does not prohibit the lawyer from assisting
> the client in otherwise proper communication by the lawyer's client
> with a represented non-client....(T)he legal relationship between
> the parties to a controversy may be such that the law not only
> permits but requires direct communication. In such circumstances,
> the lawyer is not limited to advising the client to make the
> communication, but may do it herself pursuant to the "authorized by

5

law" exception to Rule 4.2. ...Another (example) is making a formal demand on an opposing party that is a legal precondition for filing suit... In all of these situations, the first lawyer could communicate with the opponent's lawyer, but doing so would leave open the possible argument that delivering a message to the lawyer is not the legal equivalent of delivering it to the party. The initiating party should not be required to take that risk." GEOFFREY C. HAZARD, JR., AND W. WILLIAM HODES, The Law of Lawyering Volume 2 3d Ed (2005)

In EEOC v. McDonnell Douglas Corporation, 948 F. Supp. 54 (E.D.Mo. 1996) the Court was asked to find that settlement offers directed by one party to another party during litigation violated Rule 4-4.2. The Court found that there was nothing prohibiting one party to a litigation from making direct contact with another party to the same litigation.

## Analysis

### Plaintiffs May Send Requests

There is no question that Plaintiffs can contact Defendant directly.

The Real Estate Settlement Procedures Act, set forth above, expressly permits Plaintiffs to make written requests for loan servicing information. The letters request such information. See Exhibits B through E. The loan disclosures given at the time of the settlement expressly permit these requests. See Exhibit F. The same disclosure was given with the first loan. See Exhibit G. The settlement agreement/release contains paragraph 13 that expressly reserves Plaintiffs rights under the loan. Paragraph 13 reads: "13. Notwithstanding any indication to the contrary, nothing contained in the Settlement Agreement and Mutual Release is, or is intended to be, a waiver of either parties(') rights and/or

6

obligations under the Refinanced Loan." See Exhibit A   One such right is the

right under the Act to submit written requests for information.

Direct contact by a party is expressly permitted in the Rule's Comments.

Finally, it is decided law of this Circuit that such contacts are proper.

EEOC v. McDonnell Douglas Corporation, 948 F. Supp. 54 (E.D.Mo. 1996).

### Plaintiffs' Counsel May Make Requests

#### The question is whether the Rule could be violated if Plaintiffs' counsel assisted them in sending the letters?

The Comments state that Plaintiffs' attorney can make direct contact so

long as there is "independent justification".

As to whether there is independent justification under these facts, the Act

and the commentaries cited above are useful.

The Real Estate Settlement Procedures Act permits "a qualified written

request from the borrower (or an agent of the borrower) for information relating

to the servicing of such loan" (emphasis added).

The Restatement of the Law Governing Lawyers §99(2), set forth above,

states: "[The no-contact rule] does not prohibit the lawyer from assisting the

client in otherwise proper communication by the lawyer's client with a

represented non-client". The source gives, as an example, the "making a formal

demand on an opposing party that is a legal precondition for filing suit".

There is no question that a written request by the Plaintiffs is a "proper

communication". It is authorized by the settlement agreement, loan

documentation and Federal law.

7

Prior to filing suit under the Real Estate Settlement Act, a written request must be made to be effective.  The deed of trust requires a written demand before suit is filed.   A formal demand is required.

As to the nature of the written requests, they speak for themselves.  The letters are precisely the kind of "formal demand" referred to in the Restatement.

The closest case on point, EEOC v. McDonnell Douglas Corporation, 948 F. Supp. 54 (E.D.Mo. 1996), is a District Court opinion from the 8th Circuit that found no violation of the Rule when a party directed a settlement offer to represented parties *during a suit*.

In the instant case, not only were the letters (formal demands) required as a precondition to the suit, but litigation was not initiated for more than a year after the settlement and more than six months after the last letter was sent.  The letters amounted to no more than formal demands that fall outside the restriction of the Rule.

This Court may find that there was independent justification for the sending of the letters.  They were formal demands permitted by law.  They are precisely the type of communication excluded from the Rule by the Comments.  Accordingly, the Rule was not violated.

### V.b.
### COMMUNICATION IN DIFFERENT MATTER
### AND
### KNOWLEDGE OF REPRESENTATION

The Defendant asserts that the first suit and its issues (completed in June 2004) and the second suit and its issues (begun in October 2005), are the same.

8

They assert that Rule 4-4.2 was violated when Plaintiffs' counsel assisted

Plaintiffs in sending the letters.

Plaintiffs believe the matters are separate and different and that, as a

result, the sending of the letters did not violate Rule 4-4.2.

### Facts

### The Two Suits Involved Separate Issues

### Settled Suit of June 2004

The Settlement Agreement of June 28, 2004 is attached as Exhibit A.  It

covers seven specific and limited issues. The settlement and release cover

**seven limited issues that arose prior to the settlement** as follows:

(1) refinancing plaintiffs' loan at 4.75% over 15 years (paragraph 1) ;

(2) no closing costs to be paid by plaintiffs (paragraph 2);

(3) plaintiffs to continuing making payment (paragraph 3);

(4) closing on June 30, 2004 (paragraph 4);

(5) payment of plaintiffs' attorney fees (paragraph 5);

(6) clearing of plaintiffs' credit record (paragraph 6); and

(7) mutual releases (paragraphs 7 and 8).

None of these issues are raised in any subsequent letters related to the

instant suit.  See Exhibits B through E.

### Current Suit

The current suit involved **eight entirely different facts and issues**.

These were all **post settlement facts and servicing issues** that were not

9

addressed by the settlement agreement and which **arose after the settlement**
as follows:

(1) recording and tendering of a deed of release;

(2) a request for a complete payment history;

(3) the post settlement calculation and refund of principal and escrow
amounts;

(4) explanations for several checks;

(5) whether PMI insurance had been charged;

(6) return of a post settlement payment of $30.00;

(7) return of the original paid promissory note; and

(8) late fees in the second loan.

**The second suit does not involve any issue resolved in the**
**settlement of June 28, 2004. The current suit involves only post settlement**
**facts and issues.**

### Reservation of Rights in Settlement Documents

That the current dispute is a different matter, is supported by the
Settlement Agreement of June 28, 2004 that contains paragraph 13.  Said
paragraph expressly reserves all of Plaintiffs' rights under the refinanced loan.
One such right is to send **future** qualified written requests for information under
the Real Estate Settlement Procedures Act.

### Right in Loan Documents to Ask Questions

Similarly, that the current dispute is a different matter, is that future
requests were permitted by the loan disclosures provided by Defendant to

10

Plaintiffs under both loans. (Exhibits F and G)  These disclosures advise Plaintiffs
of their right to send **future** written requests for information regarding the
servicing of the loans.

### Right by Federal Law to Ask Questions

The Real Estate Settlement Procedures Act also expressly permits
Plaintiffs and their agents to ask **future** questions.  See 12 U.S.C. section
2605(e)(1)(A) above.

Defendant has complained because Plaintiffs asked questions.  This right
was expressly permitted them under the settlement, the loan disclosures and the
Real Estate Settlement Procedures Act.  They are proper requests involving
different facts than resolved in the settlement.

**The settlement and release were not intended to waive the right to
make future qualified written requests for information under the Real Estate
Settlement Procedures Act regarding ongoing post settlement servicing
issues.**

### Law

The Official Comments state, "This Rule does not prohibit communication
with a party, or an employee or agent of a party, concerning the **matters outside
of the representation**" (emphasis added). Comment Rule 4-4.2.

> **"(T)here may be many situations in which parties are in
> controversy over one matter, but have an ongoing and
> harmonious relationship with respect to other matters.  In
> such situations the no-contact rule should be applied only to
> the contested aspects of the relationship.**  As to other matters,
> although a lawyer contacting another person may technically still be
> "representing" his client in doing so, he neither seeks nor can gain
> an advantage, and the spirit of the Rule would not be offended by

**11**

the contact." GEOFFREY C. HAZARD, JR., AND W. WILLIAM HODES, The Law of Lawyering Volume 2 3d Ed (2005) (emphasis added).

"**The requirements of Rule 4.2 are inapplicable if the communication does not concern the subject of representation but rather another, separate matter**...Similarly, in a controversy between two corporations involving one matter (a boundary line dispute), a lawyer for either of the corporations can communicate with nonlawyer representatives of the other on a different matter (a contract dispute)." RONALD D. ROTUNDA and JOHN S. DZIENKOWSKI, Professional Responsibility (2005-2006). (emphasis added).

"(I)n some cases-particularly where ... litigation has not yet begun-the lawyer may not "know" that the particular person is already represented by a lawyer **for the matter in question**." RONALD D. ROTUNDA and JOHN S. DZIENKOWSKI, Professional Responsibility (2005-2006)" (emphasis added).

## Analysis

The discussion above comparing the 2004 settlement and the current dispute, reveals that the seven issues in the settlement and the eight issues in the current suit are separate and different. They fall a year apart in time and concern separate and different factual issues.

None of the eight post settlement issues are mentioned in the settlement and could not have been. They arose after the settlement and involve post settlement facts arising out of the ongoing servicing of the two loans.

The post settlement questions, regarding the ongoing servicing of the old and new loans, were rightfully asked by Plaintiffs. They were entitled to ask the questions as a result of the reservation of rights in paragraph 13 of the release (Exhibit A), the loan disclosures (Exhibits F and G) and Federal law (the Act).

The first post settlement letter was sent at a time when there was no legal dispute. The post settlement ongoing servicing of the two loans is precisely the type of "ongoing and harmonious relationship with respect to other matters" referred to in the commentary. There was no continuity of representation.

There was no "matter in question" with regard to the post settlement servicing. Litigation had not begun (and never would begin if Defendant honored its obligations under the law). There was no reason to believe that Defendant was represented with regard to the post settlement letters. See RONALD D. ROTUNDA and JOHN S. DZIENKOWSKI, Professional Responsibility (2005-2006).

This Court may find that the June 2004 settlement was a different and separate matter than the October 2005 suit, and that Plaintiffs' attorney did not know Defendant was represented.

## V.c.
## RULE 4-3.7 DOES NOT REQUIRE DISQUALIFICATION

### Law

Rule 4-3.7 states "(a) lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) the testimony relates to a uncontested issue; … or (3) disqualification of the lawyer would work substantial hardship on the client."

If there are no contested issues in which the attorney is a witness or if the disqualification would work a substantial hardship of the client, then disqualification is inappropriate.

13

## Analysis

### Lawyer not a Necessary Witness
### on a Contested Issue

As set forth above, the Real Estate Settlement Procedures Act expressly

permits Plaintiff to send a request individually or by an agent. There is no issue

as to whether Plaintiffs sent four letters, that they were received or what their

contents are. The sending of the letters and their contents are not disputed. **The**

**identity of the agent is irrelevant.**

### Hardship on Plaintiffs

Plaintiffs' counsel is representing Plaintiffs on a contingency. Plaintiffs

cannot afford to hire an attorney to prosecute this matter on an hourly basis. The

focus of this litigation and the dispute involves narrow issues of banking law

which are not generally known by general practice attorneys. Plaintiffs may be

forced to abandon their claims if their counsel is disqualified.

### Disqualification prior to trial
### not required by the Rule

Rule 4-3.7 may, under proper circumstances, require disqualification **at**

**trial**. It does not purport to require disqualification prior to trial. Accordingly,

Rule 4-3.7 does not require Plaintiffs' counsel's disqualification at this time.

For the reasons given, Rule 4-3.7 does not require disqualification. The

identify of who acted as an agent for Plaintiffs in asserting their rights under

Federal loan laws is irrelevant. Plaintiffs' counsel is not a witness in any disputed

issue. Moreover, the Rule does not require disqualification prior to trial.

14

## VI.
## Summary

Plaintiff's counsel should not be disqualified.

Rule 4-4.2 does not require disqualification. Disqualification is not required when there is independent justification for the contact (formal demand), when there are separate matters or when Plaintiffs' counsel did not know of the representation.

In this case, there was independent justification for Plaintiffs to send the formal demands and the two disputes were distinctly different in time and factual issues. Plaintiffs counsel was not expected to assume the earlier representation extended to the separate and different matter

Rule 4-3.7 does not require disqualification. Under the facts, the Rule is not applicable. The identify of Plaintiffs' agent is irrelevant. Plaintiffs' counsel is not a necessary witness to any disputed issue. Disqualification would work a hardship on Plaintiffs. Moreover, the Rule does not require disqualification prior to trial.

**WHEREFORE,** Plaintiffs, Marianna and Robert Higgins, having filed their memorandum of law, pray this Court deny the Motion to Disqualify their counsel, or in the alternative, should this Court grant the motion, stay this case for 45 days so Plaintiffs may retain different counsel, and for such other and further relief as this Court deems appropriate.

McCloskey Law Firm

_/s/ Douglas McCloskey_
Douglas McCloskey, MB37668
12015 Manchester Road
Suite 45 LL
Des Peres, MO. 63131
(314) 965-3684
Fax number: (314) 965-2636
Attorney for Plaintiffs

## Certificate of Service

The undersigned hereby certifies that on the 5th day of December, 2005, a true and accurate copy of the above and forgoing was placed in the United States Mail, first class postage prepaid, to the following:

_/s/ Douglas McCloskey_