UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT D. HIGGINS and MARIANNA HIGGINS | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:05CV2065 HEA ) |
| CHASE MANHATTAN MORTGAGE CORPORATION NKA CASE HOME FINANCE LLC | ) ) ) ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the court on defendant's Motion to Disqualify plaintiffs' attorney from further representation of the Plaintiffs, [Doc. # 8]. Plaintiffs oppose the motion and have filed a written memorandum supporting their position. For the reasons set forth below, the motion is granted.

Plaintiffs filed this action in the Circuit Court of St. Louis County, Missouri on October 5, 2005 alleging violations of Real Estate Settlement Procedures, Breach of Contract, and Accounting. Defendant removed the case based on the Court's federal question jurisdiction, in that the Complaint alleges violations of the Real Estate Settlement Procedures Act, (RESPA), 12 U.S.C. § 2601, et seq. Defendant has filed an Answer and Counterclaim, and now moves to disqualify counsel for

plaintiffs alleging that counsel should be disqualified for alleged violations of the Missouri Rules of Professional Conduct 4-4.2 and 4-3.7.

The parties devote much of their argument to the alleged violations of 4-4.2, as to whether the actions taken by counsel on behalf of plaintiffs was or was not a violation of professional conduct. Whether those actions were or were not a violation of the Rules of Professional Conduct need not be addressed. It is clear from the pleadings that counsel should not represent plaintiffs in this matter because he is a material fact witness.

Rule 4-3.7(a) provides: "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) the testimony relates to an uncontested issue" (2) the testimony relates t the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client." As defendant correctly points out, the contested issue in this case is *not* the fact that the contacts were made, rather at issue are questions regarding the parties' Settlement Agreement. As such, because of his intimate involvement in all aspects of the Settlement Agreement and the events following the Agreement, it will be necessary for him to testify as to those facts. Under Rule 4-3.7(a), therefore, counsel should not represent plaintiffs.

Plaintiffs argue that they will suffer "substantial hardship" if counsel is disqualified. The Court is not persuaded in the least by plaintiffs' representations

that they will be unable to retain new counsel on a contingent basis. Plaintiffs fail to support their argument with examples of failed attempts to retain such counsel. The Court is also unpersuaded by plaintiffs' argument that Mr. McCloskey is the only lawyer in the area that is qualified to represent plaintiffs in this matter. Because this matter is relatively new and has not progressed to a critical stage, securing new counsel should not work a substantial hardship on plaintiffs. The Court does , however, agree with plaintiffs that they should be allowed time to secure new counsel.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Disqualify, [Doc. # 8], is granted.

**IT IS FURTHER ORDERED** that plaintiffs are granted 45 days to secure new counsel.

Dated this 20th day of December, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE